**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

HERBERT TISHNER                                                                                    PLAINTIFF

v.                                              No. 4:16CV00846 JLH

WRIGHT MEDICAL GROUP, INC.; and
WRIGHT MEDICAL TECHNOLOGY, INC.                                                  DEFENDANTS

## OPINION AND ORDER

Herbert Tishner had total hip replacement surgery on May 31, 2012. He has sued Wright

Medical Group, Inc., and Wright Medical Technology, Inc. He alleges, among other things, that the

hip implant—the PROFEMUR® hip system—is defective. Tishner says that Wright Medical

Technology designed and manufactured his hip implant, that Wright Medical Group played a

significant role in its design, and that Wright Medical Technology is merely the alter ego of Wright

Medical Group. Wright Medical Group has filed a motion to dismiss for lack of personal

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Document #5. Wright Medical

Group and Wright Medical Technology have filed a motion to dismiss for failure to state a claim

pursuant to Rule 12(b)(6). Document #7. The Court defers consideration of the jurisdictional issue

to allow for discovery to determine the existence of personal jurisdiction over Wright Medical

Group.

A district court has the discretion to allow jurisdictional discovery. *See Lakin v. Prudential*

*Sec., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003) (citing *Gen. Elec. Capital Corp. v. Grossman*, 991 F.2d

1376, 1388 (8th Cir. 1993)). "[J]urisdictional discovery should be permitted where the plaintiff

offered 'documentary evidence, and not merely speculations or conclusory allegations,' regarding

the defendant's contacts with the forum state." *Greenbelt Res. Corp. v. Redwood Consultants, LLC*,

627 F. Supp. 2d 1018, 1027-28 (D. Minn. 2008) (quoting *Steinbuch v. Cutler*, 518 F.3d 580, 589

(8th Cir. 2008)). Such discovery is "particularly appropriate where the defendant is a corporation." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d. Cir. 2009). *See also Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255-56 (1st Cir. 1966) (reasoning that a plaintiff who is diligent and is a "total stranger to a corporation" should not be forced "try" the issue of personal jurisdiction without the benefit of discovery)).

Tishner has provided the Court with more than speculations and conclusory allegations regarding Wright Medical Group's contacts with Arkansas, the forum state. *See* Document #12. First, Tishner has submitted the corporate filing information for Wright Medical Technology in Arkansas and Wright Medical Group in Tennessee. Documents ##12-1, 12-2. Wright Medical Technology lists its foreign address as the principal address of Wright Medical Group. *Id.* Second, Tishner has submitted a Wright Medical Group annual report, which says that Wright Medical Group acquired a company called Cremascoli and several of its hip implant products designed for the European market, including the PROFEMUR® hip system. Document #12-4 at 10. The report explains:

> The PROFEMUR-TM- R was designed by Cremascoli for the European market. Although [Wright Medical Group] is currently selling the product in the U.S., [Wright Medical Group] is also developing a modified version and instrumentation to address the needs of U.S. surgeons. The new system, the PROFEMUR-TM-USA Modular Hip will capitalize on the successful clinical history of the current PROFEMUR-TM-R product while incorporating new technology into the design.

*Id.* at 13. Third, Tishner has submitted a Wright Medical Group financial statement filed with the Securities Exchange Commission, which discloses in a section entitled "Product Liability" certain losses arising out of claims against Wright Medical Group based on damages resulting from the "fracture of a PROFEMUR® long titanium modular neck." Document #12-7 at 25.

This evidence raises questions about Wright Medical Group's role in the manufacture, design, and distribution of the hip implant Tishner alleges to be defective, and Wright Medical Group's relationship with Wright Medical Technology. Therefore, the Court orders discovery for the purpose of establishing personal jurisdiction.

The defendants have moved to dismiss Counts IV, V, VI, VII, VIII, IX, and X of the complaint for failure to state a claim. They have also moved to strike the demand for prejudgment interest. Document #7. In response, Tishner has agreed to dismiss Counts IV, V, VI, VII, and IX. Tishner also has withdrawn the claim for prejudgment interest. With these concessions, the remaining issue is whether the complaint states a claim for relief in Count VIII, which alleges constructive fraud, and Count X, which alleges a claim for punitive damages. The present issue is not whether the defendants are liable for constructive fraud or punitive damages but whether the complaint meets the pleading standards in the Federal Rules of Civil Procedure as to those claims. The Court has concluded that they do.

## CONCLUSION

The Court defers consideration of Wright Medical Group's motion to dismiss pursuant to Rule 12(b)(2) until the parties have conducted limited discovery on the issue of whether personal jurisdiction exists over Wright Medical Group. The case will proceed on the following schedule:

(1)     The parties will complete jurisdictional discovery within 60 days of the entry of this Order.

(2)     The parties will submit simultaneous briefs on the issue of personal jurisdiction within 30 days of the completion of jurisdictional discovery.

The defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Document #7. Counts IV, V, VI, VII, and IX are dismissed. The claim for prejudgment interest also is dismissed. The motion is denied as to Count VIII, constructive fraud, and Count X, punitive damages.

IT IS SO ORDERED this 25th day of April, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE